# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS, IV,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-01369-LJO-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. 13)<br><br>FINDING AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT JUDGMENT BE DENIED<br><br>(Docs. 20, 21)<br><br>THIRTY-DAY DEADLINE |

**I.  Procedural History**

Plaintiff George E. Jacobs, IV ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint in this action was filed on August 5, 2009. (Doc. 1.) An order was issued on June 16, 2010, finding service of process appropriate for Defendants Director of the California Department of Corrections and Rehabilitation ("CDCR"), Warden of Corcoran State Prison ("CSP"), C. Osunde, and L. Echeverria, for deprivation of property in violation of the Due Process Clause of the Fourteenth Amendment. (Doc. 8.) Service of process on Defendants Director of CDCR and Warden of CSP was returned unexecuted on August 24, 2010 and October 19, 2010 respectively. (Docs. 14, 17.)

Currently before the Court is Defendant L. Echeverria's motion to dismiss for failure to state

a claim, filed September 13, 2010, in which Defendant C. Osunde joined on November 1, 2010. (Docs. 13, 18.) Plaintiff filed an opposition to Defendants' motion to dismiss on November 5, 2010. (Doc. 19.) Defendants did not file a reply. Also before the Court are Plaintiffs motions for entry of default judgment, filed on November 5 and 8, 2010. (Docs. 20, 21.)

## II. Discussion

### A. Motion to Dismiss Standard

In considering a motion to dismiss for failure to state a claim, the court generally considers only the pleadings and must accept as true the allegations in the complaint. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Shaver v. Operating Engineers Local 428 Pension Trust Fund, 332 F.3d 1198, 1201, 1203 (9th Cir. 2002). A court may consider evidence that the complaint relies on, where the complaint refers to a document that is central to the complaint and no party questions the authenticity of the document. Marder, 450 F.3d at 448; see United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Additionally, the court is to "construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor." Hebbe v. Pliler, 611 F.3d 1202, 1204 (9th Cir. 2010). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hebbe, 611 F.3d at 1205.

Rule 8(a)'s pleading standard applies to "all civil actions and proceedings in the United States district courts." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Fed. R. Civ. Pro. 1). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). The statement must simply "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S 41, 47 (1957).

Plaintiff, relying on Conley v. Gibson, 355 U.S. 41 (1957), argues that the complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no sets of facts in support of his claim which would entitle him to relief." (Doc. 14, p. 4.) However, the Supreme Court rejected this language in Twombly, 550 U.S. at 562-63, and clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its

1 face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).

2     **B.**    **Failure to State a Claim**

3     Defendant contends that Plaintiff fails to state a claim upon which relief may be granted
4 because the allegation does not rise to the level of a constitutional violation. (Doc. 13, p. 4:18-21.)
5 Plaintiff's complaint alleges that on July 2, 2007, Defendants deducted $4.00 from his inmate trust
6 account, although the balance of his account was not $10.00 as required by 28 U.S.C. § 1915(b)(2)
7 and court order. (Doc. 7, p. 8.)

8     The Due Process Clause protects prisoners against the deprivation of liberty without due
9 process of law. Wilkinson v. Austin, 545 U.S. 209 (2005). In order to state a cause of action for a
10 deprivation of due process, a plaintiff must first identify a liberty interest for which the protection
11 is sought. The Due Process Clause does not confer a liberty interest in freedom from state action
12 taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However,
13 a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515
14 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the
15 restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents
16 of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at
17 484). It is well established that an inmate has a property interest in the funds in his inmate trust
18 account. Vance v. Barrett, 345 F.3d 1083, 1089 n.6 (9th Cir. 2003); Quick v. Jones, 754 F.2d 1521,
19 1523 (9th Cir. 1984). Once a protected interest is found the court must decide what process the
20 inmate is due. Quick, 754 F.2d at 1523.

21     Funds were deducted from Plaintiff's inmate trust account pursuant to 28 U.S.C. §
22 1915(b)(1), which states that "if a prisoner brings a civil action . . . in forma pauperis, the prisoner
23 shall be required to pay the full amount of a filing fee." Funds are to be withdrawn from the
24 prisoner's account "each time the amount in the account exceeds $10 until the filing fees are paid."
25 28 U.S.C. § 1915(b)(2). The withdrawal of funds from inmates trust account, when the balance was
26 less than $10 as alleged in the complaint, was not authorized by the statute.

27     While an authorized, intentional deprivation of property is actionable under the Due Process
28 Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official

is actionable if a meaningful postdeprivation remedy is available for the loss.  Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick, 754 F.2d at 1524.  Plaintiff alleges that the deduction from his inmate trust account was unauthorized because the statute clearly states that deductions may only be made where the account balance is in excess of $10. (Doc. 7, pp. 9, 10.)  Additionally, he argues that the taking was negligent and intentional without proper authorization. (Id. at 6.)  Whether the taking of funds was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff.  Hudson, 468 U.S. at 533.

Plaintiff filed a prison grievance based upon the incident and received a hearing. (Doc. 7, at 5.)  Plaintiff argues that the postdeprivation hearing should not be adequate unless the taking is a result of random and unauthorized conduct. (Id. at 7.)  However, Hudson, made it clear that negligent, as well as intentional unauthorized deprivations, do not violate the Due Process Clause if an adequate postdeprivation remedy is available.  Hudson, 468 U.S. at 533.  Additionally, Plaintiff has an adequate post-deprivation remedy available under California law.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff alleges that if he allowed to conduct discovery he will find more than a single occasion where his account was "illegally accessed." (Doc. 19, p. 6.)  New allegations raised in the opposition "are irrelevant for Rule 12(b)(6) purposes."  Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  "The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  Id.  However, even if Plaintiff was to allege additional incidents due to negligent or intentional unauthorized acts by prison officials the result would be the same.  Since there is an adequate postdeprivation remedy available, Plaintiff has failed to state a claim for relief for a violation of the Due Process Clause of the Fourteenth Amendment.  Accordingly, the Court recommends that Defendant's motion to dismiss be granted with prejudice.

**C.    Motion for Preliminary Injunction**

The parties address Plaintiff's motion for immediate injunctive relief to stall all future deductions from a prison account when it does not exceed $10. (Doc. 7, p. 10.)  However, since the Court has found that the complaint fails to state a claim for relief Plaintiff may not seek injunctive relief.  18 U.S.C. § 3626(a)(1)(A); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010),

petition for cert. filed, 79 U.S.L.W. 3007 (U.S. Jun. 22, 2010) (No. 09-1561). Accordingly, Plaintiff's claim for injunctive relief is not cognizable.

### D. Plaintiff's Motion for Entry of Default Judgment

Plaintiff has filed motions requesting an entry of default judgment against Defendants Director of CDCR, Warden of CSP, and C. Osunde. As an initial matter the Court notes that Defendants Director of CDCR and Warden of CSP have not been served. Although Plaintiff alleges Defendants were served on June 30, 2010, the docket reflects that the summons were returned unexecuted for Director of CDCR on August 24, 2010, and Warden of CSP on October 19, 2010. (Docs. 11, 17.) Additionally, Defendant Osunde joined in the motion to dismiss on October 1, 2010. (Doc. 18.)

Plaintiff is entitled to default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. Proc. 55(a). Since Defendant Osunde joined the motion to dismiss he has not failed to defend the action and entry of default is not appropriate. Additionally, prior to the court exercising jurisdiction over a defendant, the defendant must have been served the summons. Omni Capital Intern., Ltd. V. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987).

Under Rule 4, service is effective if it has been delivered to the individual personally; delivered to the individual's home and left with a person of suitable age and discretion who resides there; or delivered to an agent authorized by appointment or by law to receive service. Fed. R. Civ. Pro. 4(e)(2). Defendants Director of CDCR and Warden of CSP have not been served because the intended party was not able to be identified based upon the information provided by Plaintiff on the USM-285 form. Since Defendants have not been served, Plaintiff is not entitled to entry of default. Additionally, since Plaintiff has failed to state a claim upon which relief can be granted he would not be entitled to default judgment. Therefore the Court recommends that Plaintiff's motion for entry of default judgment be denied.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motions for entry of default judgment be DENIED. The Court FURTHER RECOMMENDS that Defendants' motion to dismiss for failure to state a claim be GRANTED and that this action be

5

1  DISMISSED in its entirety, with prejudice.

2      These findings and recommendations will be submitted to the United States District Judge
3  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)
4  days after being served with these findings and recommendations, Plaintiff may file written
5  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
6  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
7  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
8  1153 (9th Cir. 1991).

9  IT IS SO ORDERED.

10

11  Dated:  November 19, 2010                             UNITED STATES MAGISTRATE JUDGE